UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MICHAEL TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-220 |
| | § | |
| TIMOTHY MOFFETT, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Michael Turner, a state inmate (TDCJ #1257447), filed this complaint under 42 U.S.C. § 1983 alleging a claim of deliberate indifference to his medical needs. Turner brings suit against the Texas Department of Criminal Justice, TDCJ's Executive Director, Brad Livingston, and a TDCJ officer, Timothy Moffett, though TDCJ and Livingston have not made an appearance in this suit because they were never served with process. Defendants have moved for summary judgment, Docket Entry No. 43, and Turner has filed a response, Docket Entry Nos. 44, 46.[1] After considering the pleadings, motions, summary judgment record, and applicable law, this Court **GRANTS** Defendants' motion for the reasons that follow.

---

[1] In addition to the declaration he filed in response to summary judgment, Docket Entry No. 44, Turner also filed a motion for leave to file a response to Defendants' motion for summary judgment. *See* Docket Entry No. 46. The Court grants that motion and has considered Turner's response in making this ruling.

## I.    TURNER'S ALLEGATIONS

Michael Turner is a 55-year-old male who suffers from hypertension, hepatitis-C, and paranoid schizophrenia.  On July 18, 2011, while waiting to be escorted to the unit infirmary, Turner was allegedly ordered by Defendant Moffett, a prison officer, to take off his clothes and head to the gym for a shakedown. Moffett allegedly questioned Turner about the "hardware" that Turner was wearing, which he described as "medical support devices" used to help him walk. Moffett allegedly ordered Turner to walk to the gym without the devices.  When he arrived at the gym and tried to sit down on the floor, Turner allegedly fell down in pain.  According to Turner, x-rays taken about a week later showed that an "intramedullatory" rod, which had been placed in Turner's femur some years ago, had shattered.  Turner was allegedly examined at the University of Texas Medical Branch at Galveston (UTMB), where he was told that the shattered pieces would have to be removed and his femur cleaned out.  Turner alleges that the rod shattered in his leg when he fell to the gym floor, and that the injury would not have occurred had Moffett not forced him to walk unaided by his medical support devices.

## II.    THE SUMMARY JUDGMENT STANDARD

Summary judgment is proper when the pleadings and evidence show that no genuine issue exists as to any material fact and that the moving party is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Christopher Village,*

*L.P. v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999).  A genuine issue of material

fact exists "if the evidence is such that a reasonable jury could return a verdict for

the nonmoving party."  *Id.*; *Owsley v. San Antonio Indep. Sch. Dist.,* 187 F.3d 521,

523 (5th Cir. 1999), *cert. denied*, 529 U.S. 1020 (2000).  A movant makes such a

showing by informing the court of the basis of its motion and by identifying the

portions of the record which reveal there are no genuine material fact issues to

support the nonmovant's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the nonmovant may not rest on the

allegations in his pleadings.  *See Isquith ex. rel. Isquith v. Middle S. Utils., Inc.,*

847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988).  Rather, he must

present evidence in the record sufficient to establish that there is a genuine issue of

material fact for trial.  *Celotex*, 477 U.S. at 324.  All reasonable doubts on

questions of fact must be resolved in favor of the party opposing summary

judgment.  *See Evans v. City of Houston*, 246 F.3d 344, 348 (5th Cir. 2001)

(citation omitted).

## III.  THE SUMMARY JUDGMENT RECORD: GRIEVANCES AND MEDICAL RECORDS

Two days after the alleged incident, Turner submitted a Step One grievance

to the TDCJ.  Docket Entry No. 43-2 at 6.  He alleged that he was forced to walk to

the gym without his orthotic devices, though he did not state that he fell down in

the gym. *Id.* Prison officials initiated an investigation in response. In a written statement, Moffett explained that all offenders were strip searched in their cells prior to reporting to the gym and that Turner did not, at any time, request medical assistance. *Id.* at 8. Moffett stated that after Turner was strip searched in his cell, he was allowed to put on his braces and appliances. *Id.* He was then escorted to the gym and seated with the other inmates while their property was searched. The investigation revealed that Turner never complained of falling and never requested medical assistance. *Id.* The grievance officer denied Turner's Step One grievance, finding no evidence to support Turner's allegations of staff misconduct or policy violations. In his Step Two grievance, Turner stated only that the Step One grievance had been filed "in concerns to an injury I received on July 18, 2011." *Id.* at 4.

Medical records reveal that the medical appointment Turner missed on the day of the shakedown was for complaints of athlete's foot. Docket Entry No. 43-3 at 6. The day after the shakedown, on July 19, 2011, Turner submitted a sick call request the next day, stating only: "I had a lay-in on 7-18-11 for 8:45. We had an emergency shake down. Please [reschedule]." *Id.* at 7. Turner made no mention of a leg injury. Turner's follow-up appointment occurred on July 25, 2011, but, once again, the medical notes make no mention of a leg injury and show that the

appointment was limited to complaints of a rash on the face and scalp, foot fungus, and chronic back pain. *Id.* at 8.

Despite Turner's claims that x-rays for his leg were ordered at the July 25, 2011 appointment and taken at an August 5, 2011 appointment, the medical records in the record are devoid of evidence showing that a leg injury occurred around the time of the alleged wrongful conduct. The only discussion of a leg injury in his medical records appears in notes taken by Mental Health Services months later on December 20, 2011, stating that Turner reported that he broke his leg in six places when he fell carrying a mop bucket. *Id.* at 4–5. Medical records also fail to reveal that he was seen at UTMB during the relevant time period, as alleged.

## IV.   DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

The Eighth Amendment prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners, whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97 (1976). "Deliberate indifference is an extremely high standard to meet," and requires a showing of unnecessary and wanton infliction of pain rising "to the level of egregious intentional conduct." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)*; McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1999); *Gobert v. Caldwell*, 463 F.3d 339, 351 (5th Cir.

2006).   A plaintiff must allege and raise a fact issue as to whether an official's conduct clearly evinced a wanton disregard of a serious medical need.  *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

A prison official cannot be found liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 836 (1994).   The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.  *Id.* at 837.

Other than the self-serving allegations contained in Turner's complaint—and to a lesser extent, contained in his Step One grievance—there is no evidence to support a claim that any Defendant caused Turner to suffer harm or that he had a serious medical need that was disregarded or mistreated.   Although "a verified complaint can be considered as summary judgment evidence," *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citation omitted), the Fifth Circuit has stated that when the objective factors of an inmate's medical record show no evidence of any injuries consistent with the inmate's allegations, the court may conclude that the allegations are implausible. *Wilburn v. Shane*, 193 F.3d 517, 1999 WL 706141, at *1 (5th Cir. Aug. 20, 1999) (finding it "implausible that the hospital would not have recorded the severe injuries" that plaintiff alleged in an excessive force case) (citing *Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990)); *see also, e.g.*,

*Carter v. Prator*, 2013 WL 3894134, at *6 (W.D. La. July 26, 2013) ("[B]ecause Plaintiff's allegations are unsubstantiated, and in fact controverted by the objective medical records, there is no genuine issue as to his injuries."); *Hall v. Johnson*, 2013 WL 870230, at *7–8 (M.D. La. Mar. 7, 2013) (granting summary judgment on excessive force and deliberate indifference claims based on lack of support in medical records); *Williams v. Thompson*, 2012 WL 651650, at *6 (E.D. Tex. Jan. 26, 2012), *adopted*, 2012 WL 645060 (E.D. Tex. Feb. 28, 2012) (finding that inmate suffered no injury from an alleged flashlight beating because no objective evidence appeared in the medical records).

Based on Turner's medical records, which show no evidence of any injuries consistent with his allegations of deliberate indifference, the Court finds that Turner's allegations are implausible and thus subject to summary judgment. The medical records show that Turner suffered from hypertension, hepatitis-C, paranoid schizophrenia, and athlete's foot; they do not show that Turner suffered from or received treatment for a leg injury around the time of the alleged incident or that any Defendant engaged in conduct evincing a wanton disregard to his serious medical needs.

## V.   CONCLUSION

The summary judgment evidence rejects Turner's claim of deliberate indifference to his health and safety. Defendants' motion for summary judgment

(Docket Entry No. 43) therefore is **GRANTED**.  This case is **DISMISSED** with prejudice.

    **SIGNED** this 17th day of September, 2013.

                                   _____
                                          Gregg Costa
                                   United States District Judge